1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRACY MOORE,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DOES I-X and ROE CORPORATIONS I-X, inclusive,<br><br>                Defendants. | CASE NO.: 2:11-cv-00693-LRH-PAL<br><br>**STIPULATION AND ORDER FOR DISMISSAL AND AGREEMENT FOR PRIVATE BINDING ARBITRATION** |

      This Stipulation and Order of Dismissal and Agreement for Private and Binding Arbitration (hereinafter "Agreement") is entered into by Plaintiff, Tracy Moore ("Plaintiff"), and Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has allegedly arisen from an October 8, 2009, automobile accident and subsequent claims handling, which culminated in a lawsuit styled *Tracy Moore v. State Farm Mutual Automobile Insurance Company,* currently pending in the United States District Court, District of Nevada, Case 2:11-cv-00693-LRH-PAL. Plaintiff is represented by Chad A. Bowers, Esq. State Farm is represented by Riley A. Clayton, Esq. The following terms and conditions of this Agreement will become effective upon the signature by the Parties and the execution and filing of the same by this Court.

1. State Farm issued a policy of automobile insurance, Policy No. 49 0408-D26-28, which provides, among other coverages, medical payments ("MPC") and underinsured motorist ("UIM") coverage. Coverage is provided up to the applicable policy limits, subject to all of the terms and conditions therein and any/all applicable offsets.

2. In an effort to resolve all disputes and controversies between the Parties arising out of and relating to the subject automobile accident and subsequent claims handling, the Parties have agreed to place this matter into private binding arbitration, with and agreement that all claims, whether contractual or extra-contractual, are dismissed with prejudice

3. The Parties enter into this Agreement and agree to be bound by its terms as fully stated herein.

4. The Parties agree that the arbitration shall be binding and shall be the sole and final resolution and adjudication of Plaintiff's claims against State Farm, which in any way arise out of or relate to the October 8, 2009 accident, and any claims handling or claims decision. This clause and mutual covenant is of the essence to this Agreement. The arbitrator's decision and award shall be the sole basis for recovery on these claims and shall be final and binding. The Parties agree that there shall be no right of appeal of the arbitrator's decision to any trial court, court of appeals, the Nevada Supreme Court, or to any other court, forum, person or entity, or the arbitrator himself. Likewise, the Parties agree that there shall be no right to submit a motion for reconsideration or similar or equivalent motion or request to the arbitrator.

5. The arbitrator shall <u>not</u> be informed concerning any cap on damages, low/high amounts of proceeds potentially available, any range of award, and/or the amount of any applicable offsets. The arbitrator will <u>only</u> be asked to resolve the issue of Plaintiff's legal entitlement, if any, to additional MPC proceeds or any UIM proceeds, subject to all terms, conditions, and offsets under the policy and Nevada law. In other words, the arbitrator shall determine the extent of Plaintiff's injuries/damages by placing a fair and equitable "total value" (which includes any past/future medical specials, past/future wage loss, past/future pain and suffering and other compensable general damages) on the Plaintiff's claim. The arbitrator will not be asked to and will not consider any alleged claims handling/decision-

making issues or liability for extra-contractual claims, including, but not limited to, breach of the implied covenant of good faith and fair dealing, statutory claims handling violations, and/or liability for punitive or other extra-contractual damages, as such claims and damages have been and are expressly waived by Plaintiff and dismissed with prejudice by this Agreement.

6. The Parties will jointly select a single arbitrator to serve as the arbitrator of this case. The arbitrator will be James Armstrong, Esq. The arbitration hearing will be set for 120 days after the parties conduct the Early Arbitration Conference with the arbitrator.

7. Plaintiff, through this Agreement, agrees to dismiss her present lawsuit with prejudice that is currently on file in the United States District Court, District of Nevada.

8. The Parties shall advise the arbitrator of an agreement for binding arbitration and proceed in a manner that is agreeable to the Parties and to the arbitrator. The Parties shall be allowed to conduct any reasonable discovery permitted under the Nevada Rules of Civil Procedure. The arbitrator shall resolve any and all discovery disputes, including the scope of permitted discovery. Arbitration briefs and exhibits are to be submitted in accordance with the instructions and desires of the arbitrator.

9. The arbitration hearing will be held at a mutually agreed upon date.

10. The arbitrator shall be given discretion to conduct the arbitration hearing in an informal and expeditious manner allowing for such testimony or evidence as is needed to reach a decision. The parties may submit and the arbitrator may consider telephonic or deposition testimony of any witness and written expert reports consistent with the format requirements of NRCP 26(a)(2) in lieu of live expert testimony.

11. As mentioned above, the arbitrator will place a full, total value on Plaintiff's injuries/damages, and include a specific line item in any potential award for past medical specials, which are attributable to the subject accident. Regardless of the total value placed on Plaintiff's injuries/damages by the Arbitrator, State Farm will be not be obligated to pay Plaintiff unless the total value exceeds the applicable offsets, which in this case are $4,752.68 already paid by State Farm under the MPC coverage, and $100,000 already paid by the tortfeasor's carrier, for total offsets of $104,752.68.

12. After the arbitrator places a total value on Plaintiff's injuries/damages, State Farm's

potential obligation to pay under this Agreement will be capped at the remaining MPC limit, which is $20,247.32 in MPC and $25,000 in UIM coverage.

13. The only manner in which State Farm would be obligated to pay any additional MPC or any UIM proceeds is if the Arbitrator concludes that the total value of Plaintiff's claim exceeds $104,752.68. By way of example, if the arbitrator were to conclude that the total value of Plaintiff's injuries/damages were only $100,000, and that $4,000 of that amount was for medical bills that were reasonable, necessary, and related to the accident, then State Farm would not be obligated to pay Plaintiff anything. By way of a second example, if the arbitrator were to conclude that the total value of Plaintiff's injuries/damages were $115,000, and that $25,000 of that amount was for medical bills that were reasonable, necessary and related to the accident, then State Farm would be obligated to pay the remaining amount of the MPC coverage, $20,247.32, but would not be obligated to pay any UIM proceeds. By way of a third example, if the arbitrator were to conclude that the total value of Plaintiff's injuries/damages were $135,000, and that $25,000 of that amount was for medical bills that were reasonable, necessary and related to the accident, then State Farm would be obligated to pay the remaining amount of the MPC coverage, $20,247.32, and would also be obligated to pay $10,000 in UIM proceeds.

13. **The maximum that State Farm would ever be required to pay Plaintiff under this Agreement is $20,247.32 in MPC proceeds and $25,000 in UIM proceeds.** By way of example, if the arbitrator were to conclude that the total value of Plaintiff's injuries/damages were $500,000, and that $40,000 of that amount was for medical bills that were reasonable, necessary and related to the accident, then State Farm would be obligated to pay the remaining amount of the MPC coverage, $20,247.32, and the full limit of the UIM policy, $25,000. To be clear, any award that would exceed the total offsets plus the total amount of available MPC and UIM proceeds would automatically be reduced to ensure that State Farm is **not obligated** to pay any amount that exceeds the remaining $20,247.32 in remaining MPC benefits and $25,000 in UIM benefits.

14. The arbitrator shall not be permitted to make an award of attorney fees to any party. However, the arbitrator may enter an award of costs and interest, if applicable.

15. Payments of the sum awarded, as limited by the parameters set forth herein, shall be made no later than 20 days after service of the arbitrator's decision.

16. The Parties agree to equally share and pay for the arbitrator's fees and costs.

17. This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities.

DATED this 21st day of June, 2011

HALL JAFFE & CLAYTON, LLP

By _____
RILEY A. CLAYTON, ESQ.
Nevada Bar No. 005260
7455 W. Washington Ave, Suite 460
Las Vegas, Nevada 89128
*Attorney for Defendant,*
*State Farm Mutual Automobile*
*Insurance Company*

DATED this 21st day of June, 2011

CHAD A. BOWERS, LTD.

By _____
CHAD A. BOWERS, ESQ.
Nevada Bar No. 007283
3202 W. Charleston Blvd.
Las Vegas, NV 89102
*Attorney for Plaintiff, Tracy Moore*

### ORDER

**IT IS SO ORDERED.**

**Dated** this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE